LOGUE, J.
This appeal stems from a foreclosure case filed by the lender, HSBC Bank USA, N.A., as Trustee for the Registered Holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3 (“the Bank”), against Gayle Williams (“the Homeowner”). The underlying foreclosure case was dismissed by the trial court based upon the Bank’s failure to comply with various discovery orders. The trial court’s dismissal in that regard was not appealed. In the matter before us, the Bank challenges the trial court’s order awarding the Homeowner $74,429 in costs and attorney’s fees.
Given the Bank’s history in this case of disobeying court orders, we reject the Bank’s assertion that the trial court abused its discretion in sanctioning the Bank for failing to comply with the court’s scheduling order regarding attorney’s fees. Turning to the issue of the amount of the fees, the record contains the following evidence: (1) the time sheets and billing records of the Homeowner’s attorney; (2) the testimony of the Homeowner’s attorney; and (3) the testimony of two attorneys who offered expert opinions in support of the amount of fees. Contrary to the contention of the Bank, the record reflects that the Bank had prior written notice of the names of the expert witnesses who testified for the Homeowner on the issue of the amount of the attorney’s fees.
In light of the substantial competent evidence in the record that supports the trial court’s findings, we conclude that the trial court did not abuse its discretion in awarding the costs and fees in the amount at issue. See Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla., 97 So.3d 204, 213 (Fla.2012) (“The standard of review for an award of prevailing party attorney fees is abuse of discretion.”); United Auto. Ins. Co. v. Ricardo, 916 So.2d 44 (Fla. 3d DCA 2005) (same).
Affirmed.